WENZEL & HENOCH CONSTRUCTION COMPANY, Appellant,
vs. TOWN OF WAUWATOSA, Respondent.

*January 11—February 15, 1938.*

For the appellant there was a brief by *Albert A. Mayer,* attorney, and *Charles J. Weaver* of counsel, both of Milwaukee, and oral argument by *Mr. Mayer.*

For the respondent there was a brief by *Herbert L. Wible* of Wauwatosa, attorney, and *William J. Goldschmidt* of Milwaukee of counsel, and oral argument by *Mr. Wible.*

MARTIN, J. No question is raised as to the legality of the proceedings preliminary to or in connection with the contract in question. The appeal presents only an interpretation of the contract, out of which this action arises. The appellant contends that the contract imposes a direct and general liability upon the town of Wauwatosa. The town denies such liability and contends that the contract provides for payment of the cost of the sewer installation only out of funds to be derived by the town from assessments made against the property abutting and adjoining the improvement. The official proceedings on the part of the defendant town were initiated by a petition of the property holders benefited by the sewer construction, under sec. 60.29 (19), Stats. 1929, which provides:

"The town board of every town in counties having a population of one hundred and fifty thousand or more are hereby

authorized upon petition of two thirds of the property owners in a block to build and construct water mains and sewers along the streets on which such blocks abut and adjoin *and to assess property abutting and adjoining upon such streets for the cost thereof.*"

All the proceedings preliminary to the execution of the contract made with the appellant company clearly show that the cost of said work and materials were to be paid for from funds derived from assessments. The petition of the property owners to be benefited by the installation of the sewer, in part, provides :

"In this petition said owners 'consent and agree to and with the town of Wauwatosa to pay the cost of installing such sewer, and that the cost thereof be assessed proportionately to the frontage upon the land owned by your petitioners.' "

The resolution of the town board advertising for bids in part provides :

"That the cost of said work and materials will be paid for by assessment and that the contract *which the successful bidder will be required to sign will contain a covenant that said work is payable by assessment and from such fund, and will not be paid to the contractor, nor become due until following the 22d day of March, 1930.*"

The official notice to bidders contains the same provision as above quoted. The resolution of the town board accepting appellant's bid provides for the drafting and preparation of a contract in accordance with the plans and specifications, the resolution, and official notice, and all proceedings of the town board in connection with the matter of installing said sanitary sewer and appurtenances. The contract, the interpretation of which is here involved, bearing date July 29, 1929, contains the following provision :

"It is further mutually agreed and understood that the *funds* from which said work and materials are to be paid

are derived by said town of Wauwatosa from *assessment,* and that said work shall be paid for *from said fund only,* and will in no event be paid said party of the first part [appellant] until following the 22d day of March, 1930, and then only as hereinafter provided, as to the payment of said work and materials" . . . "and after the granting of certificate of completion by the engineer of said town and the acceptance thereof by said town of Wauwatosa, to pay said party of the first part the said contract price from the said sum *derived from assessment as aforesaid."*

It appears that plaintiff requested an extension of time for completion of the work under the contract. This request contains the following provision:

"And in making this said request and in consideration of the granting of the same (plaintiff) agrees that assessment therefor shall be made as of the year 1930; and that if the work shall be completed the same shall become due and payable following the 22d day of March, 1931."

The resolution of the town board granting plaintiff an extension of time for completion of the work and after providing that the time for completion be extended to and including the 30th day of June 1930, provides:

"That the assessment for said work shall be made as of the year 1930 and shall become due and payable, if the work be completed and *from such assessment following* the 22d day of March, 1931."

The surety bond given by the plaintiff in part provides:

"Whereas, by said contract and addendum contract it is specifically provided that the said Wenzel & Henoch Construction Company shall be paid for said work and materials *from funds derived by said town of Wauwatosa from assessments and that said work and materials shall be paid for from such funds only."*

The addendum agreement extending the time for the completion of the work contains the following clause:

"That the assessment for said work shall be made as and of the year 1930, and that in no event the said party of the

first part be paid *except from such assessment* and until following the 22d day of March, 1931."

In its decision the trial court said:

"There is no ambiguity in the contract in suit. According to its plain and unequivocal terms the contract in question specifically provided for the manner in which the work was to be paid for, and that the moneys were to be raised by assessments and that plaintiffs were to be paid the contract price from the said assessment fund only as and when payment of assessments were made by the owners of property abutted by the installation of said sewer, and that the defendant town assumed no liability except to make payment to the plaintiff of such sums received by it in payment of the assessments and not 'out of the general coffers of the town of Wauwatosa' as contended for by plaintiff."

The court further said:

"There is no evidence in the case to support plaintiff's contention that 'the special assessment levied (was) to be retained by the said town as an investment' nor that the defendant town ever intended to pay for this work in cash out of its own fund."

The appellant concedes that the respondent town did everything necessary under the provisions of sec. 60.29 (19), Stats. They then say:

"That this section of the statutes does not provide for the issuance of any special improvement bonds or special improvement certificates so as to come under section 62.20 and section 62.21 of the statutes."

From this premise they argue that, because the contract does not provide for the issuance of any certificates and does provide for payment following the 22d day of March, 1930, which was extended to the 22d day of March, 1931, a direct liability is created against the town. Providing that the contract price should not become due or payable until following

the 22d day of March, 1931, does not create a direct liability against the town. Fixing the time of payment subsequent to the 22d day of March was evidently because March 22d is the date fixed by statute, sec. 70.68 (1), (3), for the town treasurer to make his settlement with the county treasurer. Under the extension agreement the work was to be completed not later than June 30, 1930. This would permit the special-assessment tax levied to pay for the sewer to be spread upon the 1930 tax roll. Prior to the placement of the roll in the hands of the local treasurer for collection no special-assessment fund was available to be used in payment of the sewer.

The total contract price, including an item of extras, amounted to $33,223.99. The assessments levied upon the abutting property and which were placed on the tax roll for the year 1930, which became due and .payable prior to March 22, 1931, were in a sum sufficient to pay the full contract price. A substantial part of the assessments became delinquent prior to March 22, 1931. The town treasurer had collected on said assessments the sum of $13,571.48. This amount was paid to the plaintiff company in accord with the provisions of the contract. On March 21, 1931, the town treasurer made his settlement with the county treasurer, in which settlement the delinquent assessments were accepted by Milwaukee county for collection. Thereafter, and prior to the commencement of this action, Milwaukee county collected on said assessments the sum of $1,830.04. This amount, which included accrued interest on the assessments, was paid to the plaintiff company. It further appears that since the commencement of the action Milwaukee county collected approximately $800 on the delinquent assessments, including accrued interest, which has been paid to the plaintiff. On June 24, 1931, the plaintiff's attorney wrote a letter to the town chairman relative to the assessments, making

inquiry as to the collections made, and in which he said in part:

"The contract which my clients signed provides that the funds for the payment for this work and the materials are to be derived by the town of Wauwatosa from assessments, *and that said work is to be paid for from said fund as collected.*"

It appears that, before any payment had been made to the plaintiff company, litigation arose to test the validity of the assessments. In that connection, the town treasurer insisted that the plaintiff furnish bond providing for the repayment to him of the assessments collected in the event it should be determined they were invalid. The plaintiff furnished such bond, which in part provides:

"Whereas, by said contract and addendum contract it is specifically provided that the said Wenzel & Henoch Construction Company shall be paid for said work and materials from funds derived by said town of Wauwatosa from assessments, *and that said work and materials shall be paid for from such funds only. . . .*"

The complaint in this action does not allege any general or direct liability upon the town under the contract. On the contrary, the allegation is:

"That as plaintiff is informed and verily believes the town has caused an assessment to be made to pay for the work done under this contract, but that the proper officers, as plaintiff has been informed and verily believes have failed to collect the full amount of said assessment in order to pay said contract in full."

The major part of appellant's argument is to the effect that the defendant town should have proceeded under secs. 62.20, 62.21, Stats., under which special-improvement bonds or certificates could have been issued and given to the plaintiff company in payment of the contract price. True, the town might have done so, but they contracted otherwise

under the provisions of sec. 60.29 (19), Stats. 1929. We agree with the trial court that there is no ambiguity in the contract. Every step in the proceedings, and the conduct of the parties over a period of five years, show their interpretation of the contract as written. They are bound by it. There is no liability on the part of the town, other than to pay over to the plaintiff company the balance of the delinquent assessments as and when collected.

*By the Court.*—Judgment affirmed.